**David Conley POOLE, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 20512.**

United States Court of Appeals, Eighth Circuit.

March 2, 1971.

David Conley Poole, pro se.

Harold O. Bullis, U. S. Atty., Fargo, N. D., and Gary Annear, Asst. U. S. Atty., Fargo, N. D., on brief for appellee.

Before GIBSON and BRIGHT, Circuit Judges, and McMANUS, Chief District Judge.

McMANUS, Chief District Judge.

David Conley Poole appeals from the order of Chief Judge Register denying without hearing his 28 U.S.C. § 2255 motion to vacate sentence. Poole's contentions are (1) he was denied the Sixth Amendment right to assistance of counsel in that his court appointed counsel failed to subpoena co-defendant Richard Curtis Apgar to testify and, (2) the District Court erred in denying him a full evidentiary hearing. We affirm.

Pursuant to waiver of indictment, Poole, Patricia Pratt and Richard Curtis Apgar on November 5, 1969, were charged by information with robbing a bank at Velva, North Dakota. On November 17, 1969, Apgar was found mentally incompetent to stand trial and committed to the custody of the Attorney General. The same day, Patricia Pratt pleaded guilty to a lesser charge and was sentenced. She is not involved in this proceeding.

On the same day (November 17) Poole's trial commenced and the jury found him guilty of bank robbery in violation of 18 U.S.C. § 2113(a). On December 17, 1969, he was sentenced to 7 years imprisonment. At trial he requested and was granted several subpoenas, but Apgar was not among those requested.

On March 31, 1970, Apgar was found competent to stand trial by the District Court. His trial commenced on April 14, 1970 and the jury found him guilty. He was sentenced to a term of imprisonment for 20 years. At trial Apgar maintained that Poole had instigated the plans for the robbery. Apgar has now signed an affidavit supporting Appellant's theory that he forced Poole to commit the robbery.

There is a presumption of the competency of court appointed counsel. Slawek v. United States, 413 F.2d 957 (8th Cir. 1969). A charge of inadequate representation can prevail

> only if it can be said that what was or was not done by the defendant's attorney for his client made the proceedings a farce and a mockery of justice, shocking to the conscience of the Court. Hanger v. United States, 428 F.2d 746, 748 (8th Cir. 1970).

The calling or not calling of witnesses is a matter normally within the realm of the judgment of counsel. Churder v. United States, 294 F.Supp. 207 (E.D. Mo.1968), aff'd 417 F.2d 633 (8th Cir. 1969); Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787 (1958), cert. den. 358 U.S. 850, 79 S.Ct. 81, 3 L. Ed.2d 86. We hold that the requirement of the Sixth Amendment has been met here since Appellant's counsel's judgment not to call Richard Curtis Apgar neither made a mockery of justice, nor shocks the conscience of the Court.

The District Court did not err in denying the Appellant a full and fair evidentiary hearing since we feel that an "examination of the motion and the records and files of the case conclusively shows a hearing would serve no useful purpose." Cardarella v. United States, 375 F.2d 222, 230 (8th Cir. 1967).

> If a movant under Section 2255 makes no allegations of ineffectiveness or incompetence of counsel, save in matters normally within the realm of counsel's judgment, he is not entitled to a hearing. *Mitchell, supra,* 259 F.2d at 794.

We therefore, affirm the District Court.