CHARLES EDGAR LEASURE v. STATE OF ARKANSAS

CR 73-71                                    497 S.W. 2d 1

Opinion delivered July 16, 1973

*Don Langston, Public Defender,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Deputy Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Leasure's conviction of rape of an eleven-year-old female was affirmed here on January 31, 1972. *Leasure* v. *State,* 251 Ark. 887, 475 S.W. 2d 535. His request for permission to seek postconviction relief was granted by our per curiam order entered on October 9, 1972. By that order he was restricted to proceeding on his allegations pertaining to ineffective assistance of counsel. His specific allegations in his petition filed in the circuit court in which he was convicted were that: he was without counsel during eleven days of custodial interrogation by police officers prior to arraign-

ment; his court-appointed attorney did not adequately consult with him before trial; his court-appointed attorney, Charles Ledbetter, refused his request for the subpoena of two witnesses not named in the petition; Ledbetter failed and refused to demand a jury trial and directed his efforts toward appellant's entering a plea of guilty; Thomas C. Pitts served as appellant's attorney on appeal under appointment by the circuit court, in spite of appellant's declining his services, and failed to furnish appellant with a copy of the brief filed, so that appellant was unaware of the matters presented to the court on his behalf.

This appeal is taken from the order of the circuit court denying appellant any relief on his petition. The order was based upon an extensive review of the files and record in the case without conducting any hearing but after the judge had requested and been furnished briefs on the matter by the Public Defender and Prosecuting Attorney for Sebastian County. This order was made by the same circuit judge who tried the case, and who, as a result, occupied the best possible vantage point from which to evaluate the effectiveness of appointed counsel's assistance to appellant from a review of files and records. His perspective is far better than ours, because he is not beset by the same difficulties inherent in retrospective appellate evaluation of a cold and unfamiliar record. See *Mitchell* v. *Stephens,* 353 F. 2d 129 (8th Cir. 1965), cert. denied, 384 U.S. 1019, 86 S. Ct. 1966, 16 L. Ed. 2d 1042 (1966). We find no error in the denial of relief to appellant or in denying him an evidentiary hearing.

The most significant and persuasive single factor in our consideration of the question whether Leasure was entitled to an evidentiary hearing is his request to the trial judge after the affirmance here that the very same attorney that he charges with being ineffective in his defense be appointed to represent him in a post-trial proceeding. Not only this, but the record disclosed that Leasure's request for appeal after his trial incorporated a wish that Ledbetter or an attorney equally as "good" be appointed to conduct the appeal. These circumstances tempt us to label appellant's entire petition as frivolous.

Because of the detailed statement of facts disclosed by the trial judge's review of the record and the extensive statement of his findings and conclusions, we will not elaborate upon each facet of them, but will confine our remarks to the essence of arguments advanced on appeal. At the outset, we reiterate that we will presume, in the absence of a contrary showing, that: a duly licensed, appointed attorney is competent; a charge of inadequate representation can prevail only if the acts or omissions of an accused's attorney result in making the proceedings a farce and a mockery of justice, shocking the conscience of the court, or the representation is so patently lacking in competence or adequacy that it becomes the duty of the court to be aware of and correct it. *Davis* v. *State*, 253 Ark. 484, 486 S.W. 2d 904. See also, *Franklin and Reid* v. *State*, 251 Ark. 223, 471 S.W. 2d 760; *Slawek* v. *United States*, 413 F. 2d 957 (8th Cir. 1969); *Kress* v. *United States*, 411 F. 2d 16 (8th Cir. 1969). We also deem it inappropriate, in postconviction proceedings, to grant an evidentiary hearing, when allegations of ineffectiveness of counsel relate only to matters ordinarily within the realm of counsel's judgment, who should have broad latitude in exercising his judgment in the conduct of his client's defense. *Poole* v. *United States*, 438 F. 2d 325 (8th Cir. 1971); *Mitchell* v. *United States*, 104 U.S. App. D.C. 57, 259 F.2d 787 (1957), cert. denied, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86 (1958); *Taylor* v. *United States*, 282 F.2d 16 (8th Cir. 1960). We subscribe to the principle that the accused has the burden of demonstrating that he was prejudiced by counsel's alleged incompetence and that showing mere errors, omissions or mistakes, improvident strategy or bad tactics will not suffice even to require an evidentiary hearing. *Edwards* v. *United States*, 103 U.S. App. D.C. 152, 256 F. 2d 707 (1958), cert. denied, 358 U.S. 847, 79 S. Ct. 74, 3 L. Ed. 2d 82 (1958); *State* v. *Sinclair*, 236 A. 2d 66 (Me. 1967); *Snead* v. *Smyth*, 273 F. 2d 838 (4th Cir. 1959); *Kress* v. *United States*, supra; *Taylor* v. *United States*, supra; 21 Am. Jur. 2d 343, 348, Criminal Law, §§ 315, 319.

The reasons for not requiring an evidentiary hearing on every postconviction petition are aptly reviewed in *Mitchell* v. *United States*, supra. That court mentioned that such a procedure would disrupt the established func-

tion of a trial judge and destroy his impartiality and impair trial counsel of the exercise of independent tactical judgment by requiring the judge, during trial, to direct his attention to the efficacy of defense counsel's trial tactics. It also recognized the devastating effect upon a trial inherent in affording defense counsel an opportunity to correct errors in judgment that might subsequently be suggested during the trial, and the relative impossibility of a retrospective determination that a different course of action would have produced a different result. The court, speaking through Judge Prettyman, said:

> It has been repeated so many times as to become axiomatic that convicted felons almost unanimously relish the prospect of putting to public judicial test the competence of their erstwhile defenders; that almost any judge or lawyer can point to potential mistakes in reviewing the record of a lost cause; and that even trial counsel, having lost, can almost invariably enumerate what in the hindsight of disaster appear to have been errors.

* * *

> Obviously such a proceeding, if permitted generally, would ensue upon almost every guilty verdict; almost every convicted person can think up several points in his trial where the course taken by his lawyer could have been different; and he has nothing to lose by a few extravagant claims.

> Trial counsel must make many decisions of an almost infinite variety in the course of a criminal trial: whether to advise a plea to a lesser offense; whether to object; whether to offer a witness of possibly doubtful credibility or with a criminal record; whether to risk crystallizing the view of the judge at that point by a motion for directed verdict before the defense testimony is in; whether to advise the defendent to take the stand and subject himself to cross examination; how to argue the case to the jury; whether to advise the defendant not to go to trial at all but rather to rely upon the mercy of the court. All these and more are practical questions and very real questions.

Bad judgment, or even good but erroneous judgment, may result in adverse effects. These are simple facts of trial; they are not justiciable issues.

\* \* \*

A convicted person cannot bring about a judicial hearing upon and determination of the trial competence of defense counsel by making allegations which, either on their face or after initial testing for verity, fail to indicate a lack of skill so great that the accused in realistic fact had not a fair trial. An accused cannot bring about a judicial evaluation of the quality of a defense; he is entitled only to allege and show that the proceeding was not a fair trial.

\* \* \*

If a movant under Section 2255 makes no allegations of ineffectiveness or incompetence of counsel, save in matters normally within the realm of counsel's judgment, he is not entitled to a hearing. Under such circumstances a hearing would be useless, an inexcusable waste of time, energy and money, because even if the movant proved what he alleged he would not be entitled to relief. The substantial considerations we have discussed forbid that a useless formality, fraught with serious consequences to the administration of law, be indulged to no purpose.

There is no merit in appellant's argument that our grant of permission to proceed under Criminal Procedure Rule No. 1 while we had the record of the trial before us implies an intention on our part that an evidentiary hearing be held. Not so. Had we intended our per curiam to prescribe procedures in the trial court, it would have done so in specific language. Furthermore, contrary to the inference drawn by appellant, we disavow any intention or inclination to conduct a review of the record submitted upon appeal in an effort to determine whether there is merit in an allegation of ineffective assistance of counsel, before granting or denying permission to a petitioner to proceed in the court or original jurisdiction. Our review of the appellate record in acting upon such requests

for permission will be restricted to determinations whether an issue was, or could have been, raised and decided in the original trial. This case clearly demonstrates both the superiority of the trial judge's perspective in these matters and the high probability that the files contain documents which could not have appeared in an appellate transcript or were properly omitted.

Appellant's suggestion that we should require an evidentiary hearing because he may have been "overborne" by his appointed counsel to consent to trial without a jury, as we did in *Cullens* v. *State,* 252 Ark. 995, 482 S.W. 2d 95, is ill-taken. In the first place, the trial judge's review of the files and record is much more comprehensive here than there. And then, the allegation that Ledbetter failed and refused to demand a jury trial and devoted his efforts toward the entry of a guilty plea falls far short of assertion of coercion of Leasure to waive a jury trial. Furthermore, we cannot infer that the extensive trial proceedings without a jury and without any expression of disapproval by appellant were without his approval and consent, particularly in view of the opportunity given to appellant to speak after he was found guilty but before he was sentenced.[1] We agree with the learned circuit judge that it is the better practice for the court to specifically request an expression of a knowing approval or disapproval of a waiver of jury trial from a defendant himself, but we do not think that the failure to do so gives rise to a presumption that the accused did not approve or knowingly acquiesce in a waiver expressed by his attorney. This is in accord with the general rule applied by the trial court that such a waiver need not be announced by the accused personally but may be stated by counsel, and that the accused's silence when and after his attorney waives his right to a jury trial in his presence may be taken to constitute knowing acquiescence therein. *State* v. *Jelks,* 105 Ariz. 175, 461 P. 2d 473 (1969), cert. denied, 398 U.S. 966, 90 S. Ct. 2179, 26 L. Ed. 2d 549 (1969); *People* v. *Novotny,* 41 Ill. 2d 401, 244 N.E. 2d 182 (1969); *Cullings* v. *State,* 205 Md. 22, 106 A. 2d 69 (1954); *State* v. *Lopez,* 22 Utah 2d 257, 451 P. 2d 772 (1969); *State* v. *Skaff,* 22 Wis. 2d 269, 125 N.W. 2d 561 (1964). The record of appellant's trial reveals that

---

[1] As to the significance of the right of allocution in such considerations, see *Kress* v. *United States,* 411 F. 2d 16 (8th Cir. 1969).

his appointed counsel stated, at the very beginning when appellant was present, that, by agreement with the state, both appellant's motion to suppress the evidence and the hearing of his defense of insanity, on the merits, be tried to the court. This agreement was confirmed by the prosecuting attorney and the circuit judge. Later, in examining a witness, whose testimony related only to the question whether a rape had been committed, appellant's counsel again stated that the case was being tried to the court without a jury. The court then confirmed the state's waiver of capital punishment, and stated that it was proceeding upon the premise that the case could not be tried by the court without waiver of the death penalty. After the first hearing was recessed to a later date, the court, upon calling the case for further hearing, repeated that it had been agreed by the defense that the court would hear the matter on its merits without a jury, if the motion to suppress was not granted. Before sentencing and before granting appellant his right of allocution (which was waived), the trial judge repeated that the trial was without a jury, so he saw no necessity for delay of sentencing for 48 hours. The judgment recited that jury trial had been waived. We deem the circumstances adequate to show acquiescence in counsel's waiver. See *People* v. *King,* 30 Ill. App. 2d 264, 174 N.E. 2d 213; *Eliachar* v. *United States,* 229 A. 2d 451 (D. C. Ct. App. 1967).

The calling of witnesses in a criminal trial is a matter which is normally within the realm of the judgment of counsel. *Poole* v. *State,* 438 F. 2d 325 (8th Cir. 1971). We are certainly unwilling to find error in the denial of an evidentiary hearing on this point, when the names of the witnesses and the general purport of their anticipated testimony are not even suggested.

Even though the record discloses that Leasure was advised of Pitts' appointment, it does not disclose any objection by Leasure. He seems to have had no impediment to free communication with the trial judge on other occasions, so this failure to object must be accorded some significance. This facet of appellant's petition may well have been appropriately abandoned, because we find no argument on this score in appellant's brief.

We have considered and rejected as non-meritorious each and every point urged for reversal by appellant.

The judgment is affirmed.