Doyle Anthony JONES *v.* STATE of Arkansas

CR 79-102                                      589 S.W. 2d 16

Opinion delivered November 5, 1979
(In Banc)

*Michael Dabney,* Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Dennis R. Molock,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. The Circuit Court of Washington County denied appellant's petition to set aside his guilty pleas pursuant to Rules of Crim. Proc., Rule 37.1 (d) (1976). On appeal it is urged that the trial court erred in refusing to sustain the petition which alleged ineffective assistance of counsel.

On August 5, 1976, appellant entered a guilty plea to a charge of rape and also to a charge of possession of stolen property. He was sentenced to concurrent sentences of 30

years on each with 9 years suspended. On September 19, 1978, he filed his Rule 37 petition pro se. After a full hearing before the trial court, at which hearing appellant was ably represented by appointed counsel, the petition was denied. We are asked to declare that the trial court erred in failing to grant the petition. It is our opinion that the decision of the trial court is supported by the evidence presented at the hearing and we do not find reversible error.

Appellant alleged his guilty pleas were entered because his attorney threatened to withdraw from the case unless he pleaded guilty. The alleged threats came on the date he was scheduled for trial before a jury. The evidence at the Rule 37 hearing included everything appellant desired to present. Several allegations related to matters which cannot be considered on a Rule 37 hearing and will not be discussed in this opinion. For information purposes only, these unrelated matters included allegations that appellant was brought from Missouri to Arkansas without an extradition hearing; that he was never placed in a line-up; and that he was not served copies of the arrest warrants.

Appellant testified at his Rule 37 hearing that his attorney did not subpoena witnesses which he had requested; told him a jury would likely give him 50 to 60 years if he went to trial; that a guilty plea was not discussed until the day of the trial; that he (the attorney) would walk out if a guilty plea were not entered; that the attorney took him outside the courtroom twice before getting him to enter guilty pleas; and that the attorney caused appellant's mother and brother to help persuade him to plead guilty. The appellant's mother and brother testified generally to the same matters. The brother admitted he recommended appellant plead guilty, and the mother stated the attorney told them appellant could get life or possibly the electric chair if he did not plead guilty. She further stated the attorney told her appellant would probably have to serve only 3 or 4 years if he pleaded guilty.

From the record is is quite clear that appellant was most reluctant to plead guilty. It is also clear that his attorney used considerable persuasion in getting him to plead guilty. Nevertheless, it is equally clear that the plea was, in the end,

a voluntary one as evidenced by the following questions and answers:

The Court: You know of no witnesses nor defense that will help you in either of these cases?

Appellant: No, sir.

* * *

The Court: Has your attorney acted soberly, diligently, and competently in advising you in this case?

Appellant: Yes, sir.

The Court: Do you have any criticism of his conduct in his representation?

Appellant: No, sir.

The original trial attorney took the stand at the Rule 37 hearing testifying that he had contacted all witnesses suggested on behalf of appellant and was convinced none of them would be of any assistance in the defense of the case. He stated he had been practicing law for 11 years and had averaged trying 10 to 12 jury cases per year. He considered the probability that after the appellant had been convicted on either charge he would be sentenced as a habitual criminal on the second trial because he had a prior conviction record. (Appellant had a conviction other than these two charges.) He admitted telling the appellant he would likely receive a sentence of 50 to 60 years if he insisted on a jury trial. In his opinion appellant would have no witnesses and could not afford to take the stand. Also, he admitted he sought the assistance of appellant's mother and brother in persuading him to plead guilty. He denied telling appellant he would walk out on him if he insisted on a jury trial but stated he informed appellant he could go to the jury if he insisted. The sum total of his testimony was that in his professional judgment pleading guilty, and having the sentences run concurrently, was in the best interest of his client.

In essence, appellant's argument appears to be that the employed counsel overrepresented him at the time of entry of the guilty pleas by forcing him to plead guilty. The petition also seems to be a backhanded way of trying to withdraw his guilty pleas. This is not a timely presentation for a Rule 26.1 attempt to withdraw a guilty plea. *Pettigrew* v. *State,* 262 Ark. 359, 556 S.W. 2d 880 (1977). We pointed out the distinction between Rule 26.1 and Rule 37.1 in *Shipman* v. *State,* 261 Ark. 559, 550 S.W. 2d 454 (1977), wherein we stated that a Rule 26.1 petition should be amended to seek relief under Rule 37.1 before it could be considered in a post-conviction collateral attack on a sentence.

There is a presumption that counsel is competent. *Davis* v. *State,* 253 Ark. 484, 486 S.W. 2d 904 (1972). Therefore, it is the duty of appellant to prove ineffective assistance of counsel. *Porter* v. *State,* 264 Ark. 272, 570 S.W. 2d 615 (1978). In the present case the record clearly reveals the sentencing judge became somewhat unsure of appellant's voluntariness and granted a recess on two occasions for the purpose of allowing a discussion between appellant and his retained counsel. At most, the evidence tends to show appellant and his attorney gave conflicting testimony as to the voluntariness of the pleas. Under these circumstances we are unable to say the trial court was not justified in accepting the version of retained counsel over that of appellant in finding the pleas were voluntary. It is our custom to defer to the superior position of the trial court where the disposition of the matter depends upon credibility of witnesses who appear before the trial court. *Gardner* v. *State,* 263 Ark. 739, 569 S.W. 2d 74 (1978). The advice given by retained counsel obviously is within the range of competence demanded of attorneys in criminal cases. *Horn* v. *State,* 254 Ark. 651, 495 S.W. 2d 152 (1973).

Affirmed.

HARRIS, C.J., not participating.