### John Wesley HOOVER *v.* STATE of Arkansas

CR 79-226                     606 S.W. 2d 749
Supreme Court of Arkansas
Opinion delivered November 3, 1980

*E. Alvin Schay*, State Appellate Defender, by: *Ray Hartenstein*, Chief Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Jack W. Dickerson*, Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. John Wesley Hoover was convicted of obtaining money by false pretense and sentenced to twenty years imprisonment. His conviction was affirmed in *Hoover* v. *State*, 262 Ark. 856, 562 S.W. 2d 55 (1978). On April 23, 1979, we granted Hoover's motion for post-conviction relief under Rules of Crim. Proc., Rule 37. That relief was limited to allegations of ineffective assistance of trial and appellate counsel and perjury.

A lengthy hearing was held in which Hoover testified, his trial counsel testified, his appellate counsel testified, and a deputy prosecuting attorney testified. The court found that Hoover had not been denied effective counsel and that con-

spiracy to commit perjury had not been committed by the deputy prosecuting attorney.

The issue raised now is whether appellant was denied a full and fair hearing on his allegations for post-conviction relief. First, Hoover argues that his counsel at the Rule 37 hearing was ineffective, but correctly recognizes that this issue cannot be raised on appeal. *Hilliard* v. *State*, 259 Ark. 81, 531 S.W. 2d 463 (1976). It could have been raised by a motion for a new trial. *Hilliard* v. *State, id.*

The testimony of Hoover and his two attorneys was in direct conflict. It would serve no useful purpose to recite all of the conflicts because a few examples will suffice. Hoover said that he had asked his trial lawyer to call witnesses for him and that he had a hundred or even a thousand people who could verify his good character. His counsel, an experienced trial lawyer, said that he could not get Hoover to give him the name of even one witness. Hoover told him that he did not want "my friends to know that I am involved in this."

Hoover said he had numerous documents which would verify that he owned certain Michigan lands — the ownership of which was critical to his defense. His counsel said that his own research of documents showed Hoover did not own the land as he alleged. These documents would actually have hurt, if not destroyed, Hoover's credibility.

Hoover testified at length about all of the documents that he had in his briefcase at the first trial and also that he had documents at the Rule 37 hearing which would have exonerated him. Yet he failed to offer those documents to the court. He even declined to testify in one regard about his former partners, saying that he had rather not because "these are facts that would be brought out if we should be granted a new trial."

Hoover complains that his appellate counsel failed to properly investigate the case, familiarize himself with the facts, or adequately represent him on appeal. The appellate counsel said that he made two trips to prison to go over the appellate brief with Hoover and explained many times his

tactics and the contents of the brief. He said that he showed Hoover the draft of the brief. He testified that in all his experience in state and federal court he had never spent as much time with a client on a case.

There is no evidence at all that the deputy prosecuting attorney knew of any perjury testimony at the trial. The court found, as a matter of fact, that Hoover had not been convicted on perjured testimony and that neither of his counsel was ineffective. The court concluded that Hoover was entitled to no relief.

We cannot say the court was wrong in its findings. There is a presumed competency of counsel. *Cotton* v. *State*, 265 Ark. 375, 578 S.W. 2d 235 (1979). Quite often in cases such as this, clients equate effectiveness with success, a formula the law cannot recognize. *Franklin* v. *State*, 251 Ark. 223, 471 S.W. 2d 760 (1971); *Mitchell* v. *Stephens*, 353 F. 2d 129 (8th Cir. 1965). The test in Arkansas is whether counsel's services reduced the proceeding to a farce or a mockery of justice which shocks the court. *Haynie* v. *State*, 257 Ark. 542, 518 S.W. 2d 492 (1975); *Kozal* v. *State*, 264 Ark. 587, 573 S.W. 2d 323 (1978).

The United States Court of Appeals, Eighth Circuit, puts the test for competency in this way: "[T]rial counsel fails to render effective assistance when he does not exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *Pinnell* v. *Cauthron*, 540 F. 2d 938 (8th Cir. 1976).

By any test Hoover failed to prove his counsel were ineffective.

Affirmed.