Charles BLACKMON *v.* STATE of Arkansas

CR 81-42                                   623 S.W. 2d 184

Supreme Court of Arkansas
Opinion delivered November 2, 1981

*Richard Quiggle,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. The trial court denied appellant's Rule 37 Petition wherein he had claimed ineffective assistance of counsel. On appeal it is insisted that the trial court erred in finding that counsel was not ineffective in this case. We believe the trial court was correct and affirm the judgment.

The only facts we are concerned with in this particular case are those relating to trial counsel's representation of appellant at the trial. Without restating the facts in detail it may be fairly said that appellant now contends that his attorney was inefficient in failing to properly investigate and prepare the case for trial and in his handling of the matter during the trial. Appellant relies upon the failure of the trial counsel to call several witnesses. Primarily the witnesses would have been able to testify that the decedent was a man who always carried a knife and generally looked for trouble. It is the appellant's contention that this testimony could have been presented to show the habits of the deceased. Another allegation relating to ineffective assistance of counsel is that a witness voluntarily appeared and then the trial counsel failed to have her subpoenaed when she indicated she would not remain for the remainder of the trial. Her testimony allegedly would have been to the effect that she knew the deceased's habit of carrying a knife. Also, it is alleged that the attorney was negligent in not interviewing members of the various police departments in the area to determine whether the deceased had a reputation for carrying a knife and whether he had been convicted of any crimes.

The real question for determination here is whether there was effective assistance of counsel at trial. The Sixth Amendment to the Constitution of the United States guarantees an accused the right to have assistance of counsel for his defense in all criminal prosecutions. Certainly this implies effective assistance of counsel but it does not guarantee any degree of success by such counsel. The most

competent and skilled counsel may sometimes lose a case. Therefore, the degree of success is not a proper gauge to determine competency. *Franklin & Reid* v. *State,* 251 Ark. 223, 471 S.W. 2d 760 (1971); *Hoover* v. *State,* 270 Ark. 978, 606 S.W. 2d 749 (1980); and *Leasure* v. *State,* 254 Ark. 961, 497 S.W. 2d 1 (1973).

Apparently the state still feels that we abide by the "farce and mockery" standard as a measure of attorney competence. On the other hand, the appellant feels we have adopted the 8th Circuit Court of Appeals' standard. As we understand the cases, we have not adopted either of these rules. We clearly stated in *McDonald* v. *State,* 257 Ark. 879, 520 S.W. 2d 292 (1975), and *Cason* v. *State,* 271 Ark. 803, 610 S.W. 2d 891 (1981), that the "farce and mockery" standard was not to be applied literally as the measure used to determine the competence of defense counsel. We recognize that hindsight is always better than foresight. We do not consider the fact that if a defense counsel had a second chance he might handle the matter differently to be an indication of ineffective assistance of counsel. No attorney has clairvoyant power and in almost all cases a retrospective examination would indicate to the judge or the lawyer that some action taken at the trial would have been better had another course of action been chosen. We have said that bad judgment, or even good but erroneous judgment, may result in adverse effects which are not sufficient to prove ineffective assistance of counsel. *Leasure* v. *State,* supra.

We recognize that our opinions have not drawn a hard and fast rule relating to the matter of ineffective assistance of counsel. Such rule is not possible due to the variable circumstances of each case. We have held that there is a presumption of effective assistance of counsel and that the appellant must overcome this presumption and show he was prejudiced by the conduct of his counsel. We now hold that in addition to showing prejudice the appellant must show by clear and convincing evidence that the prejudice resulting from the representation of trial counsel was such that he did not receive a fair trial.

On appeal we review the trial court's proceeding and

reverse only if its holding is clearly erroneous. *Williams* v. *State*, 273 Ark. 371, 620 S.W. 2d 277 (1981). This court defers to the superior position of the trial court when credibility of witnesses appearing before the court is at issue. *Jones* v. *State*, 267 Ark. 79, 589 S.W. 2d 16 (1979). Under the facts of this case we cannot state that appellant did not have a fair trial as a result of the trial counsel's representation. Therefore, there was no ineffective assistance of counsel.

Affirmed.