Joe RIGHTMIRE *v.* STATE of Arkansas

CR 81-102                                    627 S.W. 2d 10

Supreme Court of Arkansas
Opinion delivered January 25, 1982
[Rehearing denied March 8, 1982.]

*Shaw & Shaw,* by: *Orvin Foster,* for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. The trial court denied appellant's Rule 37 Petition wherein he sought to prove ineffective assistance of counsel. The court held (1) that the defendant was represented by an attorney at all important and vital stages of the proceedings; (2) that the attorney was competent and adequately represented the defendant; and, (3) that the defendant knowingly and voluntarily entered a plea of guilty.

On appeal appellant argues: (1) the trial court erred in finding appellant's counsel was not ineffective; and, (2) the trial court erred in finding appellant's entry of a guilty plea was voluntary. We disagree with appellant on both arguments for the reasons discussed below.

The appellant entered his guilty plea on June 28, 1979. His Rule 37 Petition was filed on August 15, 1980. In the interim, one of appellant's codefendants received a jury trial and was found guilty of manslaughter. Appellant alleges he should be treated in the same manner. At the Rule 37 hearing appellant testified that he was incarcerated at Cummins on July 2, 1979, and remained there through the date of the

hearing, February 28, 1981. His testimony was that he had approximately six meetings with his former attorney prior to the time the trial was scheduled. He alleged that on the second day of the trial his attorney took him into a sideroom and stated:

> What kind of damn fool are you trying to make of me in that courtroom? I have sat up until 2:00 a.m. this morning and I don't have the first word for your defense prepared. If you don't plead guilty and take this reduced sentence, you will get a life sentence.

He alleges that at that time he agreed to accept the proposal to plead guilty with the understanding that he would have to serve only a couple of years in the Department of Correction.

After being incarcerated he determined that his eligibility for parole would be December 6, 1983. According to his calculations, he would have to spend four years and eight months in the Department of Correction. He had been sentenced to 25 years with seven years suspended, leaving 18 years to be served. It is the contention of the appellant that if he had known he would not become eligible for parole for four years and eight months, he would not have accepted the plea agreement. He states that neither his attorney nor anyone else advised him about the length of time he would have to serve before becoming eligible for parole. He also made the argument that his attorney told him he would only have to serve a couple of years on the 18-year term. He acknowledged having been in the Department of Correction before but denied knowing anything about how the parole system worked. He stated that he served about 20% of the time on his prior sentence.

The attorney who represented the appellant at the original trial testified that he was present at the time the plea was entered and that it was free and voluntary. The attorney denied he had ever told the appellant the length of time he would have to serve. He stated that not even the trial judge could determine that time. The attorney testified that the appellant had admitted to him the facts and circumstances surrounding the offense with which he was charged and,

further, that he knew of no defense to the charge. It was the attorney's understanding that the appellant would come up with some type of defense but he never did. The attorney stated he had a conversation with the appellant in which he told him he would not be eligible for parole as a first offender due to his prior record. In other words, he informed the appellant he would have more time to serve than he had before.

The record reveals the appellant went before the judge and admitted his guilt and stated he understood the full consequences of his entry of a guilty plea. He stated he was satisfied with his attorney and that the attorney had worked competently and diligently in representing him in the matter. He further acknowledged that he knew the court was not bound by any recommendation made by the prosecuting attorney and that the court was completely free to fix or assess punishment at the court's discretion subject only to the limits set by law. During the sentencing process, appellant did not make inquiry as to the length of time he would actually have to serve.

It appears the appellant was satisfied with his sentence until he determined he was going to have to serve a longer period than he anticipated when he entered the guilty plea. There is no requirement that his attorney or the court or anyone else tell him how long he will have to serve on any given sentence. In fact, it would be sheer speculation for an attorney or the court to tell an accused that upon being sentenced to a time certain he would only have to serve a certain percentage of that time. This is a matter that is solely within the control of the Department of Correction and the courts have nothing to do with the parole system in the ordinary course of events. In fact, appellant did not file his petition until after he learned that a codefendant had been convicted of manslaughter by a jury. The original charge against the appellant had been first degree murder but his plea of guilty was to second degree murder.

In determining whether a petitioner had effective assistance of counsel it is his duty to demonstrate prejudice and an unfair trial. *Blackmon* v. *State*, 274 Ark. 202, 623 S.W.

2d 184 (1981). There is a presumption that counsel is competent. *Hoover* v. *State,* 270 Ark. 978, 606 S.W. 2d 749 (1980). It was the duty of the appellant to prove the allegation of ineffective assistance of counsel. That is a rather heavy burden in view of the presumption of effective assistance of counsel. *Williams* v. *State,* 273 Ark. 371, 621 S.W. 2d 686 (1981); *Hoover* v. *State,* supra; *Cason* v. *State,* 271 Ark. 803, 610 S.W. 2d 891 (1981); and *Blackmon* v. *State,* supra.

In viewing all of the testimony and evidence presented in this case we are of the opinion that the appellant has not met the burden required of him to prove ineffective assistance of counsel. We cannot say that any action on the part of his trial counsel was prejudicial or that he failed to receive fair treatment by the court.

Affirmed.