Melvin Glenn HANEY *v.* STATE of Arkansas

CR 82-137                                    646 S.W.2d 9

Supreme Court of Arkansas
Opinion delivered February 21, 1983

*Harold W. Madden,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. The only question in this case is whether a city attorney's acting as a criminal defense lawyer denies that defendant the effective assistance of counsel, a right granted by the sixth amendment to the United States Constitution. The trial court held that it does not and we affirm.

Melvin Glenn Haney was convicted in the Pulaski County Circuit Court of four counts of theft by receiving, three being felonies, one a misdemeanor. He was sentenced a total of six years imprisonment for the felonies and six months jail time for the misdemeanor.

Haney's trial lawyer, evidently retained by him, was the city attorney of North Little Rock. Different counsel filed a motion for a new trial stating that a conflict of interest existed at Haney's trial since the city attorney's position was

a prosecuting attorney's role; that his trial counsel was charged with representing the city and sometimes the state against criminal defendants which was a role that necessarily conflicted with that of a criminal defendant's attorney in the same county. It was not even suggested the trial lawyer was ineffective in his performance; indeed, it was conceded he had vigorously and ably represented the defendant. Therein lies the answer to the question. A defendant has the burden to prove ineffective assistance of counsel to the degree that he was deprived of his constitutional right. *Blackmon* v. *State,* 274 Ark. 202, 623 S.W.2d 184 (1981); *Leasure* v. *State,* 254 Ark. 961, 497 S.W.2d 1 (1973). No evidence at all was offered in this regard; it is merely argued that it was improper for the city attorney to act in this case and that that amounts to ineffective assistance of counsel. Haney buttresses the argument with the statement that this is especially true since all the investigating officers were North Little Rock policemen who look to the city attorney for advice, support, and representation from time to time. The trial court found that the appellant failed to sustain his burden of proof and we affirm.

We do not reach the question of whether it is improper from an ethical standpoint for a city attorney to so act or whether the trial court should have excused the trial lawyer on a proper motion. It is not necessary to answer those questions here, and we might later be called upon to review findings of misconduct by our Committee on Professional Ethics in this or similar cases. Even if the representation was improper, it could not void the trial court's decision because the issue presented is ineffectiveness of counsel, not unethical conduct.

Affirmed.