Cecil KNAPPENBERGER *v.* STATE of Arkansas

CR 83-7                                          652 S.W.2d 25

Supreme Court of Arkansas
Opinion delivered June 13, 1983

*Howard & Howard,* by: *William B. Howard,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

PER CURIAM. Petitioner Cecil Knappenberger was charged with second degree murder and convicted by a jury of manslaughter, Ark. Stat. Ann. § 41-1504 (Repl. 1977). He was sentenced to a term of ten years imprisonment in the Arkansas Department of Correction. We affirmed. *Knappenberger v. State,* 278 Ark. 382, 647 S.W.2d 417 (1983), amended on denial of rehearing (March 28, 1983).

When this case first came before us on direct appeal, petitioner raised the same allegations that he now raises in

this petition. In our first opinion we indicated our approval of an evidentiary hearing on the allegations of ineffective assistance of counsel without requiring a separate verified petition for postconviction relief in this Court. On rehearing, we amended our original opinion to note that A.R.Cr.P. Rule 37.1 requires that a separate verified petition for postconviction relief be filed in this Court after a case has been affirmed on appeal if the allegations of ineffective assistance of counsel are being raised for the first time. Petitioner has now submitted such a petition.

Permission is granted for petitioner to proceed in circuit court on the specific allegations of ineffective assistance of counsel set out in the petition.

Petition granted.

ADKISSON, C.J., and HAYS, J., dissent.

RICHARD B. ADKISSON, Chief Justice, dissenting. Petitioner is not entitled to postconviction relief. The allegations that counsel's cross-examination was irrelevant and that he allowed the jury to hear prejudicial testimony does not warrant an evidentiary hearing. The style of questioning a particular witness is a matter about which competent advocates could disagree. While some counsel are more skilled in the area of cross-examination, a line-by-line examination of an attorney's questions to determine how effective they are is not within the purview of our postconviction rule unless petitioner can demonstrate prejudice and the denial of a fair trial. Even if a question proves unwise in retrospect, mere errors are not good cause for granting relief. *Leasure v. State*, 254 Ark. 961, 497 S.W.2d 1 (1973).

With regard to petitioner's confession, it is apparent that the ultimate fact of petitioner's guilt is given little consideration. He does not allege that his confession was not a true statement of his involvement in the crime. He does not allege that it was coerced or otherwise involuntary. He argues instead that since there were no eyewitnesses to the crime, he would not have had to testify in his own behalf at

trial and would have been entitled to a directed verdict on the charge of first degree murder if his confession had not been introduced into evidence. He asks this Court in effect to weigh the evidence existing at the time he confessed and that which would have developed at trial and conclude that counsel erred in allowing him to confess. It is apparent that petitioner is seeking to expand the standard by which we judge the competence of attorneys in criminal cases. There is a presumption of effective assistance of counsel. *Hoover* v. *State*, 270 Ark. 978, 606 S.W.2d 749 (1980). To overcome that presumption a petitioner must show by clear and convincing evidence that he was prejudiced by the conduct of counsel. *Unquhart* v. *State*, 275 Ark. 486, 631 S.W.2d 304 (1982). *Blackmon* v. *State*, 274 Ark. 202, 623 S.W.2d 184 (1981). Furthermore, he must show that the actual prejudice suffered denied him a fair trial. *Hill* v. *State*, 278 Ark. 194, 644 S.W.2d 282 (1983); *Blackmon, supra*. In determining whether a petitioner was prejudiced, and as a result denied a fair trial, this court must not attempt to weigh the evidence against the petitioner when counsel gave his advice. There is no doubt that there are any number of criminal cases in which an accused elects on advice of counsel to confess or give a statement which later contributes in some degree to his conviction. Rule 37 was not designed to provide a method for retracting an otherwise valid confession or statement merely because the petitioner later attacks the sufficiency of the evidence against him. Society deserves finality in criminal cases. Claims of ineffective assistance of counsel must be scrutinized carefully; they must not be a means to frustrate the legal process and undermine findings of guilt reached by way of a full and fair trial. Petitioner here has not met the heavy burden of showing that counsel's conduct prejudiced him and resulted in denial of a fair trial.

I am hereby authorized to state that HAYS, J., joins in this dissent.