Odell WATSON *v.* STATE of Arkansas

CR 82-39                                667 S.W.2d 953

Supreme Court of Arkansas
Opinion delivered April 16, 1984

Petitioner, *Pro Se.*

*Steve Clark,* Atty. Gen., by: *Matthew Wood Fleming,* Asst. Atty. Gen., for appellee.

PER CURIAM. Petitioner Odell Watson was found guilty of rape and sentenced to a term of 40 years imprisonment in the Arkansas Department of Correction. We affirmed. *Watson* v. *State,* 277 Ark. 197, 640 S.W.2d 447 (1982). Petitioner now seeks permission to proceed in circuit court for postconviction relief pursuant to A.R.Cr.P. Rule 37 and requests appointment of counsel. The request for counsel is denied. There is no right to appointment of counsel in the preparation of a petition under Rule 37. *Dyer* v. *State,* 258 Ark. 494, 527 S.W.2d 622 (1975).

Petitioner first raises the issues of (1) whether he was informed of his Miranda rights; (2) whether he was denied his right to counsel before he gave his statement; and (3) whether the statement presented at trial was the same statement he gave to the police. On appeal we found that petitioner was read his rights. He is not entitled to raise the issue again under Rule 37. *Houser* v. *State,* 508 F.2d 509 (8th Cir. 1974); *Neal* v. *State,* 270 Ark. 442, 605 S.W.2d 421 (1980). The remaining two issues could have been raised at trial or on appeal but were not. Rule 37 was not designated as a substitute for asserting error in accordance with the

controlling rules of procedure. *Swindler* v. *State,* 272 Ark. 340, 617 S.W.2d 1 (1981). The rule does not permit a petitioner to raise a question which might have been raised at trial or on the record on direct appeal, unless the question is so fundamental as to render the judgment void and open to collateral attack. *Neal* v. *State.* In this Court, contentions not argued by the appellant on first appeal are waived. *Collins* v. *State,* 271 Ark. 825, 611 S.W.2d 182 (1981), citing *Sarkco* v. *Edwards,* 252 Ark. 1082, 482 S.W.2d 623 (1972). As neither ground would render the judgment in his case void, the issues must be considered waived.

Petitioner contends that his counsel was ineffective in that she advised him to testify in his own behalf "contrary to his wishes and contrary to his rights." The accused has the right to choose whether to testify in his own behalf. *Moore* v. *State,* 244 Ark. 1197, 429 S.W.2d 122 (1968). Counsel may only advise the accused in making the decision; counsel may not compel the accused to testify. Petitioner here alleges that his attorney "told" him to testify which lead to his incriminating himself, but he also alleges that he asked to make a statement in the presence of his attorney and the arresting officer, apparently in lieu of testifying. It appears from the petitioner's testimony at trial in which he in part contradicted the written statement that counsel was advising petitioner to testify if he wanted to contest the contents of the statement. Even if counsel's advice caused petitioner to take the stand, there is nothing to indicate that she compelled him to testify. The decision to advise a client to testify is a tactical decision within the realm of counsel's professional judgment. Even if a decision proves unwise, matters of trial tactics and strategy are not grounds for postconviction relief. *Leasure* v. *State,* 254 Ark. 961, 497 S.W.2d 1 (1973). Furthermore, counsel is presumed competent. *Hoover* v. *State,* 270 Ark. 978, 606 S.W.2d 749 (1980). To prevail on an allegation of ineffective assistance of counsel a petitioner must show by clear and convincing evidence that he was denied a fair trial by counsel's conduct. *Blackmon* v. *State,* 274 Ark. 202, 623 S.W.2d 184 (1981). Petitioner has not shown that his trial was unfair.

Petitioner next contends that counsel should have

called his co-defendant Adric Garner, who was not tried with petitioner, to testify because Garner was an eyewitness to the crime and knew about the friendly relationship between petitioner and the victim. Assuming that Garner would have been willing to testify, the question of whether to call him was another tactical decision to be made by counsel. As such, the issue is not cognizable under Rule 37.

In our opinion on appeal we noted that counsel did not ask for an admonition after a witness mentioned that a doctor said the victim had been choked. Petitioner alleges that an admonition was requested and that counsel was ineffective in failing to file a petition for rehearing on the point. The record does not support the allegation. Counsel requested a mistrial which was denied. We upheld the trial court in that denial. Counsel did ask the court to tell the jury that the doctor did not say the victim was choked, but the court refused on the ground that it would amount to its commenting on the evidence. The court then, without counsel's requesting an admonition, volunteered that an admonition would also amount to a comment on the evidence. As there was no request for an admonition, there was no error of fact or law on which to base a petition for rehearing.

Petition denied.