## David STRODE *v.* STATE of Arkansas

CR 74-120                                    517 S.W. 2d 954

Opinion delivered January 20, 1975

*Jeff Duty,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Dep. Atty. Gen., for appellee.

CARLETON HARRIS, Chief Justice. David Strode, appellant herein, was charged with assault with intent to kill and on trial was convicted by a jury, receiving a sentence of seven years imprisonment. From the judgment entered in accordance with the jury verdict, Strode brings this appeal. For reversal, it is asserted that "The method and proceedings used in the selection of the jury amounted to a denial of a fair and impartial trial and due process of law guaranteed by the

Constitutions of the State of Arkansas and of the United States." Actually, this argument covers two asserted errors.

To understand the contentions, it is necessary to point out certain background facts. The current charge against appellant relates to an alleged assault made on Harvey Dean Henshaw on December 7, 1973. Appellant was also charged with assault with intent to kill James Hamblin on December 8, 1973. The assault charge relating to Hamblin was tried on January 17, 1974, and Strode was convicted, this court affirming such conviction.[1] The same jury panel which had been used in this January trial was likewise in use for the trial of Strode in the Henshaw case, which went to trial in February, 1974. It is the contention of appellant that the use of the same panel which had heard the prior case approximately a month earlier, the jury having returned a verdict of guilty in that case, deprived him of the fair and impartial trial guaranteed by the Constitutions of the United States and the State of Arkansas. While the trial court excused the particular 12 persons who served as jurors in the Hamblin assault charge, appellant argues that this step by the court was not sufficient to remove any bias, and a motion was made to quash the entire jury panel, or in the alternative, all members of the panel who were present for the trial of the earlier case. This motion was denied. In arguing here that the trial court erred in its ruling, appellant says:

"We know that the previous panel must have consisted of, at least twenty-four jurors. We find in the record that all but three members were questioned on Voir Dire in the previous trial.[2] The charge was the same, the defendant was the same, the only difference being that the victim was a different one.

---

[1]The opinion was handed down on October 28, 1974, but was not published.

[2]The record only discloses that in pre-trial proceedings the attorney for appellant, referring to Strode's first trial, stated:

"If my memory serves me correctly, we worked through all but three members of this panel on voir dire examination. Each of them heard the charge levied against David Strode. During voir dire there were certain questions regarding Assault with Intent to Kill in that particular case, mentioned to the jury. The jury understood further that — it is defendant's firm belief that each member of that jury panel would have heard results of the case, whether they served on the actual jury or not."

"Common, ordinary, 'horse sense' tells one that these jurors would be unable to eradicate, from their minds, all things learned and impressions made, during the first trial of appellant only about a month before."

We do not agree. In *Montaque v. State,* 219 Ark. 385, 242 S.W. 2d 697, Montaque insisted that he did not obtain a fair trial because he was required to select a jury from a panel which had, immediately prior to his trial, heard him vigorously denounced and his credibility violently attacked in another case. James Thompson had been convicted of an assault on Montaque and counsel for Thompson had denounc ed Montaque to the same jury panel with numerous un-complimentary terms and phrases.

The jurors, when interrogated on *voir dire,* stated that they had formed no opinions from the previous trial as to the credibility of Montaque, and said that they could try the charge against Montaque impartially. After peremptory challenges had been used, the court refused to quash the remaining members of the panel, i.e., those members who were on the Thompson petit jury, and appellant asserted error. On appeal, we held contrary to the contention of Montaque, stating:

"The trial court is given a large discretion in determining the bias or prejudice of a juror as affecting his qualifications to serve in any particular case. In *Lane v. State,* 168 Ark. 528, 270 S.W. 974, we held: 'The question of the impartiality of the jury, as guaranteed by the Constitution, Art. 2, § 10, is a judicial question of fact within the sound discretion of the trial court.'

"Jurors must be presumed to possess the qualifications required under §§ 39-208 and 39-206 of the statutes (Ark. Stats., 1947) and that is 'persons of good character, of approved integrity, sound judgment, and reasonable information.' We find no abuse of the trial court's discretion here. The jurors appear to have been carefully examined on their *voir dire* as to possible bias or prejudice against appellant and each answered that he had none."

The record of the present trial does not contain the *voir dire* examination, and we do not know what questions were asked the members of the panel. Of course, if actual bias were shown, a juror would be disqualified, but there is no contention by appellant of actual bias on the part of any member of the panel, nor is it even shown that any tentative opinions had been formed. In *Rowe* v. *State*, 224 Ark. 671, 275 S.W. 2d 887, this court said:

> "While it is true that some of the veniremen said that they had formed tentative opinions based upon newspaper reports or what some one had told them, all who were accepted stated that they could and would be guided solely by the testimony, giving to the defendant the benefit of all doubts that the law defines. There was no error in accepting these men. It is no longer practicable in an intelligent society to select jurors from a psychological vacuum or from a stratum where information common to the community as a whole is lacking."

As previously stated, there is no showing here that any member of the panel possessed any actual bias. The argument is really that members of the panel should be assumed to be biased because they were members of the same panel that served in the first Strode trial.

The second phase of appellant's argument relates to the fact that in the current case, Strode was originally charged along with a co-defendant, his brother, Walter Strode. Prior to the commencement of the trial, Walter Strode moved for a severance, such motion being denied by the court. After counsel for Walter had used two peremptory challenges to remove two members of the panel, and appellant had exercised one peremptory challenge, the court changed its view, and granted the motion for severance. The two jurors who had been excused by Walter were then, by order of the trial court, returned to the jury panel and the court ruled that appellant had only used his one challenge and was entitled to seven more. Appellant argues that this constituted error, stating:

> "A juror challenged peremptorily can have a 'good'

taste in his mouth and might not be that fair and impartial juror guaranteed by the Constitution of the United States and the State of Arkansas.

"Such procedure; necessarily, makes it imperative that the defendant challenge all such jurors which may be drawn from the box. This precludes his right to otherwise have a free hand at peremptory challenges."

The record reflects that after appellant had used four of his seven challenges, the panel was exhausted and additional jurors were summonsed. The record is thereafter silent as to whether further peremptory challenges were exercised, and we do not know whether appellant exhausted all eight challenges to which he was entitled under the law. Accordingly, it cannot be contended that he was forced to go to trial with a jury composed of some individuals who were biased. For, to make such a contention, it was necessary that he exhaust his challenges. See *Trotter and Harris* v. *State,* 237 Ark. 820, 377 S.W. 2d 14, and the numerous cases cited therein.

Appelant's contentions have been closely examined, and we find no prejudicial error.

It follows that the judgment of the Washington County Circuit Court should be affirmed.

It is so ordered.