## Curtis W. URQUHART *v.* STATE of Arkansas

CR 81-35                                    631 S.W. 2d 304

Supreme Court of Arkansas
Opinion delivered April 12, 1982

Petitioner, *pro se.*

*Steve Clark,* Atty. Gen., for respondent.

PER CURIAM. Petitioner Curtis Urquhart was convicted by a jury of rape and sentenced to forty years imprisonment and a $4,000 fine. He was also convicted of burglary in the same proceeding and sentenced to fifteen years imprisonment. The terms were ordered served consecutively. We affirmed. *Urquhart* v. *State,* 273 Ark. 486, 621 S.W. 2d 218 (1981). Petitioner now seeks permission to proceed in circuit court for postconviction relief pursuant to Arkansas Criminal Procedure Rule 37.

Petitioner Urquhart was identified by a deaf woman as the man who broke into her apartment on the night of July 17, 1980, and raped her. She identified Urquhart by a large scar on his shoulder. She also testified that she was familiar with Urquhart because he was a frequent visitor to the neighborhood. Urquhart's defense was that the woman had invited him to her apartment and consented to sexual relations.

Petitioner claims ineffective assistance of counsel because counsel (1) consulted with petitioner only three times before trial; (2) did not prepare for trial; (3) was incompetent to deal with a deaf witness; and (4) did not consult with petitioner before allowing nine women to be seated on the jury. Petitioner also states that he and counsel could not agree on anything related to his defense. The allegations are conclusory. Allegations which are not supported by facts and a showing of some prejudice to the petitioner do not justify postconviction relief. *Blackmon* v. *State,* 274 Ark. 202, 623 S.W. 2d 184 (1981). The mere fact that petitioner did not agree with his attorney on the composition of the jury or on the many tactical decisions which must be made by counsel before and during trial does not demonstrate that counsel was ineffective. See *Leasure* v. *State,* 254 Ark. 961, 497 S.W. 2d 1 (1973). To warrant postconviction relief, a

petitioner must show that he was prejudiced by counsel's conduct. Furthermore, he must show by clear and convincing evidence that the prejudice resulting from the representation of counsel was such that he did not receive a fair trial. *Blackmon,* supra. Petitioner has fallen far short of demonstrating that he did not receive a fair trial.

Since the offense charged was rape, petitioner contends that the trial court and his attorney should not have allowed nine women to serve on the jury. He asserts that all women feel the same about rape and are not willing to make a fair judgment in a trial involving the crime. The impartiality of a prospective juror is a question of fact for the trial court to determine in its sound discretion. Ark. Stat. Ann. § 39-105 (c) and (e) (Supp. 1981). No abuse of that discretion can be discerned from this petition. Also, the issue of the composition of the jury is one which could have been raised in the trial court; as such, it is not a proper ground for a petitioner under Rule 37. *Neal* v. *State,* 270 Ark. 442, 605 S.W. 2d 421 (1980). Petitioner argues, however, that counsel accepted the jury, leaving him powerless to challenge the panel as he wished to do. This argument is basically one of ineffective assistance of counsel which must fail because petitioner has not shown bias on the part of any particular juror. Jurors are assumed to be unbiased; the burden of demonstrating actual bias on the part of any member of the panel is on the petitioner. See *Strode* v. *State,* 257 Ark. 480, 517 S.W. 2d 954 (1975). A general indictment of all women as being unsuitable jurors for a rape trial is not only highly questionable but also insufficient legally.

Petitioner next alleges that the trial court should have permitted him to dismiss his court-appointed attorney. Petitioner erroneously states that he had the legal right to dismiss as many as three attorneys before the court could decline to appoint another. The right to counsel of one's choice is not absolute and may not be used to frustrate the inherent power of the court to command an orderly, efficient and effective administration of justice. *Tyler* v. *State,* 265 Ark. 822, 581 S.W. 2d 328 (1979). The trial court was obligated to appoint competent counsel, not to comply with petitioner's wishes.

Petitioner's final allegation is unclear. A friend of the victim testified at trial that the victim told her in sign language about the rape. Petitioner may be saying that this friend's testimony was inadmissible. If so, the question was raised on appeal and decided adversely to petitioner. It may not be raised again in a Rule 37 petition. *Houser* v. *State*, 508 F.2d 509 (8th Cir. 1974). On the other hand, petitioner may be contending that the interpreter at trial was a friend of the victim. If so, the record does not support his argument. There is nothing to indicate any relationship between the victim and the trial interpreter. Furthermore, no objection to the interpreter was made at trial. This Court will not consider in a petition for postconviction relief matters which could, and should, have been raised at trial. *Neal* v. *State*, 270 Ark. 442, 605 S.W.2d 421 (1980).

Petition denied.