Wesley Kent NEFF *v.* STATE of Arkansas

CR 85-156                                            696 S.W.2d 736

Supreme Court of Arkansas
Opinion delivered September 30, 1985

*David C. Godfrey* and *Ralph C. Hamner, Jr.*, for petitioner.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

PER CURIAM. Petitioner Wesley Kent Neff was found guilty by a jury of delivery of cocaine, a controlled substance. The trial court sentenced petitioner to a term of six years imprisonment in the Arkansas Department of Correction and a $6,000 fine. The Court of Appeals affirmed. *Neff v. State*, CACR 85-15 (July 10, 1985). Petitioner now seeks permission to proceed in circuit court for an evidentiary hearing pursuant to A.R.Cr.P. Rule 37 on the ground that his counsel at trial was generally ineffective. He cites nine specific examples of inadequate representation.

Petitioner first alleges that the prosecutor was permitted without objection to ask a series of questions in voir dire of the jury which amounted to a lengthy sermon on the evils of drug use and which created such bias that the petitioner's entrapment defense was discredited before the trial began.

The jury is presumed unbiased, and the burden is on the petitioner to demonstrate actual bias on the part of the jury. *Urquhart* v. *State*, 275 Ark. 486, 631 S.W.2d 304 (1982). Although petitioner contends that the jurors and the prosecutor were effectively wed by the close of voir dire, the record indicates that counsel for the petitioner also questioned the venirepersons so as to impress upon them views contrary to those suggested by the state. It is not unusual or improper for either counsel as a matter of trial tactics to question prospective jurors on their attitudes as well as their understanding of the elements of the crime. The range of permissible inquiry and the diversity of legitimate questions are so great as to make it impossible to lay down rigid rules governing counsel's examination of jurors; *Jones* v. *State*, 283 Ark. 308, 675 S.W.2d 825 (1984), but to raise a successful challenge to counsel's questioning of the jurors, the petitioner must establish that counsel's conduct resulted in such prejudice that he was denied a fair trial. *See Strickland* v. *Washington*, ___ U.S. ___, 104 S. Ct. 2052 (1984). Petitioner has not demonstrated any actual prejudice from any act or omission on counsel's part.

In his opening statement, the prosecutor referred to the defense of entrapment as an "admission" that the crime had been committed. He later declared again that the offense had been admitted. He also related to the jury the expected content of an undercover officer's testimony as to what she was told by one of the state's witnesses. Petitioner argues that counsel should have objected to the reference to entrapment as an admission of guilt and to the "double hearsay" in recounting the officer's expected testimony.

Counsel objected in the first part of the State's opening statement to the prosecutor's arguing the case. Counsel objected a second and a third time and the court also interjected a comment about the prosecutor's arguing. Experienced advocates might differ about when, or if, objections were called for since, as

a matter of trial strategy, further objections from counsel may have succeeded in making the prosecutor's comments seem more significant to the jury. In any event, the jury was instructed that opening statements and closing arguments are not evidence, and petitioner was not denied effective assistance of counsel as guaranteed by the Sixth Amendment by counsel's failure to object at the points now suggested by petitioner. Unless petitioner can demonstrate actual prejudice so serious as to deprive him of a fair trial, he has not proven counsel's performance deficient. *Strickland* v. *Washington, see also Isom* v. *State*, 284 Ark. 426, 682 S.W.2d 755 (1982).

Petitioner next cites several points during the undercover officer's testimony where counsel could have objected on some ground and further faults counsel for agreeing to admit into evidence an evidence submission sheet from the state crime laboratory which he alleges contained hearsay statements regarding his arrest. Petitioner also contends that the laboratory analysis report identifying the drug delivered by him to be cocaine had a clerical error and could have been excluded on timely objection.

The questioning of witnesses and the decision about when to object are ordinarily subjective matters about which there could be endless discussion. For this reason, counsel's examination of witnesses will not be dissected by this Court. *McDaniel* v. *State*, 282 Ark. 170, 666 S.W.2d 400 (1984). More importantly, even when a petitioner can state a sound basis for an objection, Rule 37 was not designed for the review of mere error made by either the trial court or counsel. *Leasure* v. *State*, 254 Ark. 961, 497 S.W.2d 1 (1973). The convicted defendant is presumed to have received effective assistance of counsel, *Hoover* v. *State*, 270 Ark. 978, 606 S.W.2d 749 (1980), and a petitioner must meet the heavy burden of showing that counsel's conduct was outside the wide range of reasonably professional assistance and sufficiently deficient to have denied petitioner a fair trial. *Strickland* v. *Washington.*

Petitioner next contends that the jury may have been swayed by the presence in the courtroom and at a conference in chambers of an attorney who represented his co-defendant. He alleges that the attorney relayed messages between the co-defendant, who

was not present and did not testify, and the prosecutor. Petitioner does not contend that the jury knew whom the attorney represented. There is nothing to indicate that the attorney's presence created any impression in the minds of the jury which prejudiced the petitioner.

Clint Bell, who had agreed to assist the police in the undercover operation which led to petitioner's arrest, was called by petitioner's counsel to testify. Petitioner now argues that Bell's testimony was so harmful to the defense that counsel must be considered incompetent for calling him.

█ Counsel attempted to elicit from Bell that he helped entrap the petitioner. Evidence may have been elicited through Bell which proved detrimental to the defense, but it is not ineffective assistance of counsel for an attorney as a matter of trial strategy to call a witness whose testimony is not entirely favorable to the defense. Rule 37 does not provide a forum to debate trial strategy even if it proves improvident. *Watson* v. *State*, 282 Ark. 246, 667 S.W.2d 953 (1984).

█ Petitioner alleges that counsel refused to request a change of venue. Petitioner does not provide any basis to conclude that the jury was biased. *See Urquhart* v. *State*, 275 Ark. 486, 631 S.W.2d 304 (1982). Moreover, the decision to request a venue change is a matter of trial strategy. *Jeffers* v. *State*, 280 Ark. 458, 658 S.W.2d 869 (1983).

█ Petitioner again challenges counsel's skill as an examiner of witnesses when he contends that counsel's examination of him was clumsy and revealed a lack of knowledge of the case. As stated earlier, questioning witnesses is a part of trial tactics. It is a professional skill that is not ordinarily grounds for finding that a petitioner was denied a fair trial.

Although petitioner makes the statement that counsel did not know it was permissible to object during cross-examination, the record shows that he did object during cross-examination.

In closing argument, the prosecutor told the jury that if it believed that the undercover officer took a certain action, "I'm in the wrong business." He later said, "I'm confident" that petitioner knew the officer sounded truthful, and "I think you know the defendant is guilty." Petitioner contends that the comments

constituted an improper expression of personal opinion and counsel erred in not objecting to them. He also objects to counsel's failure to object to the prosecutor's commenting on the petitioner's demeanor on the stand and at the defense table and his stating that it's the job of the defense to throw up as much smoke as it can.

To warrant postconviction relief on the allegation that counsel rendered incompetent representation by failing to object to the prosecutor's remarks, the petitioner must show prejudice to the degree that the outcome of the trial was unreliable. *Strickland* v. *Washington.* Although it is not good practice for counsel to inject their personal beliefs into the closing arguments, mere expressions of opinion by counsel in closing argument are not reversible error so long as they do not purposely arouse passion and prejudice. *Young* v. *State*, 269 Ark. 12, 598 S.W.2d 74 (1980). The remarks by the prosecutor are not sufficiently prejudicial to make the judgment of conviction unreliable and open to collateral attack.

Petitioner also asserts that counsel should have objected in the state's closing argument when the prosecutor asked rhetorically if petitioner's co-defendant's defense would also be entrapment. Petitioner argues that the remark amounts to denial of his confrontation right guaranteed by the Sixth Amendment since there was no evidence before the jury about the co-defendant's defense. It cannot be said that the remark resulted in substantial prejudice to petitioner. While there was no need to bring up the co-defendant's defense at petitioner's trial, petitioner has not demonstrated that he was denied a fair trial by counsel's not objecting to the remark.

After petitioner's attorney made a plea for leniency at sentencing, the trial court imposed the minimum prison sentence and a fine. The court then advised petitioner of his right to appeal and told petitioner that if he had anything to say, he should say it then. Petitioner replied, "No sir, thank you." Petitioner alleges that the court's delay until after judgment was pronounced to afford him an opportunity to speak was a denial of his right of allocution which should have prompted an objection from counsel.

Although the total failure to afford a convicted defendant the right to state any legal reason why judgment should

not be pronounced is reversible error when raised on direct appeal after a proper objection in the trial court, Ark. Stat. Ann. § 43-2303 (Repl. 1977); *see also Beed* v. *State*, 271 Ark. 526, 609 S.W.2d 898 (1980), the statute is satisfied if the court affords the defendant his right of allocution at the time judgment is pronounced. As the petitioner was invited to speak during the sentencing proceeding, he suffered no prejudice.

Furthermore, even if the right of allocution had been completely ignored by the court, the petitioner under Rule 37 must affirmatively prove prejudice and show that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland* v. *Washington.*

Petition denied.

PURTLE, J., not participating.