

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-15-311

| | |
|---|---|
| MARCO D. LEE<br>**APPELLANT**<br><br>V.<br><br>STATE OF ARKANSAS<br>**APPELLEE** | **Opinion Delivered:** October 28, 2015<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. 2014-504]<br><br>HONORABLE JOHN FOGLEMAN, JUDGE<br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

In December 2014, Marco Lee (hereinafter "appellant") was tried by a Crittenden County jury and found guilty of one count of Rape, a class "Y" felony. On appeal, he argues that the trial court committed reversible error in denying his motion for a mistrial. We affirm.

In the State's opening statements at appellant's trial for rape, the prosecutor referred to the victim, a fourteen year-old girl, as a "virgin." Appellant's counsel immediately objected and moved for a mistrial, and requested the judge instruct the jury that the prosecutor's statements were not evidence. The judge gave the following instruction:

> "Ladies and gentleman, opening statements, remarks during the trial, and closing arguments of the attorneys are not evidence but are made only to help you in understanding the evidence and applicable law. Any argument, statements or remarks of attorneys having no basis in the evidence should be disregarded by you."

SLIP OPINION

The trial court took the motion under advisement and, after a hearing on the matter the following day, denied the motion. This appeal followed.

Our standard of review for appeals of an order denying a mistrial motion is well established, and a trial court's refusal to grant a mistrial is difficult to overcome:

> A mistrial is an extreme and drastic remedy that will be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing with the trial or when the fundamental fairness of the trial has been manifestly affected. The circuit court has wide discretion in granting or denying a mistrial motion, and, absent an abuse of that discretion, the circuit court's decision will not be disturbed on appeal. Among the factors this court considers on appeal in determining whether or not a circuit court abused its discretion in refusing to declare a mistrial are whether the prosecutor deliberately induced a prejudicial response and whether an admonition to the jury could have cured any resulting prejudice.[1]

It is further well settled that an admonition to the jury usually cures a prejudicial statement unless it is so patently inflammatory that justice could not be served by continuing the trial.[2]

In *Brewer v. State*[3], the prosecutor asked the victim if she had ever had sexual intercourse before the alleged rape. The defense immediately objected and moved for a mistrial outside the presence of the jury. The trial court agreed that question was improper and admonished the jury to disregard the question, but denied the motion for mistrial. On appeal, the Arkansas Supreme Court stated:

---

[1] *Burks v. State*, 2009 Ark. 598, 359 S.W.3d 402 (*citing King v. State*, 361 Ark. 402, 206 S.W.3d 883 (2005)).

[2] *Robinson v. State*, 2010 Ark. App. 419.

[3] *Brewer v. State*, 269 Ark. 185, 599 S.W.2d 141 (1980).

"It makes no difference whatsoever whether the victim of rape was a virgin or a prostitute. The offense of rape is committed if the person engages in sexual intercourse or deviate sexual activity with another person by forcible compulsion. Therefore, prior sexual conduct has no relevancy to the issue in question. We do not think the prejudice was so great as to call for a mistrial, and we think the court acted properly in continuing the trial after admonishing the jury to disregard the improper question and answer."[4]

Here, the trial court, in its wide discretion to grant or deny a mistrial, admonished the jury that statements made by the attorneys were not evidence. Although it did not indicate specifically which statement to disregard, we cannot say its action continuing the trial amounted to an abuse of discretion.

Appellant, in turn, argues that even if the statement is relevant to the issue of rape, it should be excluded as unfairly prejudicial pursuant to Arkansas Rule of Evidence 403. We do not believe appellant has established such prejudice. First, he was convicted of a "Y" felony, and therefore, he could have been sentenced up to forty years' imprisonment, but instead, he was sentenced to only fourteen. Second, testimony at trial overwhelmingly corroborated appellant's guilt. Seven different witnesses testified against appellant. The victim testified that appellant asked her to ride with him to pick up their cousin. Instead, she continued, appellant drove to his own house and, once inside, removed the victim's underwear and forcibly had sexual intercourse with her. She further testified that she immediately told her family members when they returned home. They immediately alerted the authorities and took the victim to a rape crisis center in Memphis. The family members testified accordingly against appellant.

---

[4] *Id.* at 189, 599 S.W.2d at 143.

The prosecutor's statement that the victim was a "virgin" at the time of the rape was improper because it was irrelevant. However, appellant has failed to show that such a statement was so prejudicial as to warrant a mistrial. Therefore, we do not find that the trial court abused its discretion and we affirm.

Affirmed.

GLOVER and WHITEAKER, JJ., agree.

*Tyler C. Ginn*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.