Karen R. Baker, Justice, concurring. Although I concur in the result reached by the majority, I write separately because the circuit court committed error with regard to the prosecutor’s remarks in his closing argument. However, because the error was harmless, I would affirm the circuit court. In United States v. Young, 470 U.S. 1, 6, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985) the United States Supreme Court addressed prosecutors’ conduct and stated: Nearly a half century ago this Court counselled prosecutors “to refrain from improper’methods calculated to produce a wrongful conviction.... ” Berger v. United States, 295 U.S. 78, 88 [55 S.Ct. 629, 79 L.Ed. 1314] (1935). The Court made clear, however, that the adversary system permits the prosecutor to “prosecute with earnestness and vigor.” Ibid. In 13other words, “while he may strike hard blows, he is not at liberty to strike foul ones.” Ibid. ■ The line separating acceptable from improper advocacy is not easily drawn; there is often a gray zone. Prosecutors sometimes breach their duty to refrain from overzealous conduct by commenting on the defendant’s guilt and offering unsolicited personal views on the evidence. Accordingly, the legal profession, through its Codes of Professional Responsibility, and the federal courts, have tried to police prosecutorial misconduct. In complementing these efforts, the American Bar Association’s Standing Committee on Standards for Criminal Justice has promulgated useful guidelines, one of which states that -“[i]t is unprofessional conduct for the prosecutor to express his or her personal belief or opinion as to the truth or falsity of any testimony or evidence'or the guilt of the defendant.” ABA Standards for Criminal Justice 3-5.8(b) (2d ed. 1980). (Parallel citations omitted). Further, as noted by the majority, in Jefferson v. State, 372 Ark. 307, 321-22, 276 S.W.3d 214, 225 (2008), in addressing a motion for mistrial and affirming the circuit court’s denial of the motion, we explained “Although it is not good practice for counsel to inject their personal beliefs into the closing arguments, mere expressions of opinion by counsel in closing argument are not reversible error so long as they do not purposely arouse passion and prejudice. Neff v. State, 287 Ark. 88, 94, 696 S.W.2d 736, 740 (1985).” Here, in his closing remarks, the prosecutor stated, I believe that what happened to her happened to. her.... I believe that what she has told us today. Reynolds objected to the prosecutor’s remarks asserting that the prosecutor had made “improper argument, improper vouching on behalf of the witness.” The circuit court overruled the objection and stated, Ladies, and gentlemen,- I instructed you that argument of counsel is not evidence in the case. It is only to guide you and direct you to where certain things are. Whether or. not these facts are specifically in .the case or not, they are in the general area of the case.. But .that is not evidence. . . | uiDespite this instruction, the prosecutor’s remarks directly prejudiced Reynolds. ■ The prosecutor improperly placed credibility and support from the prosecutor and the State in the victim’s testimony. In other, words, the prosecutor improperly vouched for the victim. Further, the curative instruction did not address the improper vouching and did not cure the prejudice. However, despite this statement being inappropriate and prejudicial, to Reynolds, the evidence presented of Reynolds’s guilt at trial was overwhelming, and the fundamental fairness of the trial was not compromised. When the evidence of guilt is overwhelming and the error is slight, we can declare that the error was harmless and affirm. Barr v. State, 336 Ark. 220, 234-35, 984 S.W.2d 792, 799 (1999); Johnston v. State, 2014 Ark. 110, at 7, 431 S.W.3d 895, 899. Here, in addition to Wake’s testimony, Watters’s testimony confirmed Wake’s account. Watters testified that he saw Wake’s hands and feet bound with cables and locks and a belt wrapped around her neck. He further testified that he heard Reynolds beating Wake and that he later saw Wake’s severely bruised and swollen eyes. At trial, photographs were introduced into evidence showing severe bruising to Wake’s face and body, and ligature marks to her neck, wrists, and ankles. Watters further testified that he and Reynolds had discussed disposing of Wake’s body and that - Reynolds’ had threatened to behead Wake’s son. Additionally, law enforcement testified that they located cables and locks in Reynolds’s home and -that Wake’s blood was located near Reynolds’s bed. Accordingly, based on my discussion above, the record demonstrates that there is overwhelming evidence of Reynolds’s guilt, arid the error was harmless. Therefore, I would affirm the circuit court. Hart, J., joins.