Cite as 2025 Ark. App. 472

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-24-819

| | |
|---|---|
| JAMES MARTIN SMITH | **Opinion Delivered** October 8, 2025 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION [NO. 60CR-23-1298] |
| V. | |
| STATE OF ARKANSAS | HONORABLE CATHLEEN V. COMPTON, JUDGE |
| APPELLEE | |
| | AFFIRMED |

**STEPHANIE POTTER BARRETT, Judge**

Appellant James Martin Smith (hereinafter, "Smith") was convicted and sentenced by a Pulaski County jury on one count of rape of a minor under Ark. Code Ann. § 5-14-103 (Repl. 2024) and one count of sexually grooming a child under Ark. Code Ann. § 5-27-307 (Repl. 2024). For his sole point on appeal, Smith argues the circuit court abused its discretion in overruling his objection and denying his motion for mistrial after the prosecutor referred to individual jurors by name during closing argument. We find no error and affirm.

At trial, Smith's two minor victims both testified that he sexually abused them when they were between the ages of eight and twelve, but neither victim disclosed the abuse until they were into their teen years. In closing argument, the prosecutor began to discuss with

the jury the reasons behind the victims' delayed disclosure of abuse by referring back to discussions counsel had with individual jurors during voir dire, stating:

> Mr. Evans, you said in voir dire you could understand the reasons why a child may not want anyone to know about sex abuse. You said they would be afraid. You said they would be ashamed. When you said that yesterday morning, you would have no idea that that would be the exact reason why MC1 and MC2 didn't disclose.

> Ms. Bailey, you had a similar thing that you stated in which you said that you agree that sometimes sex abuse goes unreported out of fear and a relationship with their offender.

Smith's counsel objected, and the trial judge promptly called a bench conference. Because counsel could not produce any caselaw to support his objection, the trial judge overruled the objection but expressed concern and disapproval for the practice of counsel calling out jurors individually in argument. Smith's counsel then moved for mistrial. The judge overruled the motion but cautioned the prosecutor against individualizing jurors going forward, saying:

> And I think that's where the problem was. That somewhere in the recesses of my tired, crinkled up brain is that you can't make it personal. The jury is a body. It is an entity unto itself. But, again, I have no law in my head beyond what my gut tells me. I would encourage you to not to do it anymore in case he's right.

> When the prosecutor pressed the judge for a specific ruling on what argument the judge would allow, the judge responded, "Moving forward in this case, proceed at your peril." Upon returning to the jury, the prosecutor rephrased her argument to exclude references to individual jurors, and Smith's counsel did not object again. Closing argument proceeded, and the jury retired.

2

I. *Standard of Review*

A mistrial is an extreme and drastic remedy that will be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing with the trial or when the fundamental fairness of the trial has been manifestly affected. *Lee v. State*, 2015 Ark. App. 616, at 2, 474 S.W.3d 882, 883. The circuit court has wide discretion in granting or denying a mistrial motion, and, absent an abuse of that discretion, the circuit court's decision will not be disturbed on appeal. *Id.* Further, the circuit court has broad discretion to control counsel in closing arguments, and this court does not interfere with that discretion absent a manifest abuse of that discretion. *Mills v. State*, 322 Ark. 647, 663, 910 S.W.2d 682, 691 (1995); *Littlepage v. State*, 314 Ark. 361, 371, 863 S.W.2d 276, 281 (1993). Indeed, remarks made during closing arguments that require reversal are rare and require an appeal to the jurors' passions. *Wetherington v. State*, 319 Ark. 37, 41, 889 S.W.2d 34, 36 (1994); *Neff v. State*, 287 Ark. 88, 94, 696 S.W.2d 736, 740 (1985).

II. *Discussion*

As an initial matter, we must note that the question before this court is not whether the prosecutor's remarks were improper. The question is whether the circuit court's failure to grant a mistrial in response to the prosecutor's conduct qualifies as error so prejudicial that justice cannot be served without a reversal.

This issue has been addressed only once by the Arkansas Supreme Court in *Boyd v. State*, 318 Ark. 799, 889 S.W.2d 20 (1994). *Boyd*, like this case, was an appeal of the appellant's conviction for the rape of a minor child. *Id.* at 799, 889 S.W.2d at 20. One

point for reversal raised by the appellant was that a juror, Mr. Barker, should have been excused for cause after he disclosed during voir dire that his daughter had been the victim of an attempted sexual assault two years earlier. The supreme court found no error in the circuit court's decision to allow juror Barker to remain on the jury. *Id.* at 803, 889 S.W.2d at 22. In his next point for reversal, the appellant argued that the circuit court abused its discretion in denying his motion for mistrial after the prosecutor referred to juror Barker by name in his closing argument and attempted to bring up juror Barker's story about the incident involving his daughter. *Id.* at 803–04, 889 S.W.2d at 22–23. Specifically, the prosecutor said:

> I have no recommendation to you about what to do with this man if you find him guilty, but I wish you would consider some of the questions in voir dire. Mr. Barker back there, his response about his incident that Mr. Rogers asked him about . . .

*Id.* at 803, 889 S.W.2d at 22. At that point, defense counsel promptly objected, and the circuit court sustained the objection and told the prosecutor to move on. *Id.* at 804, 889 S.W.2d at 22. When counsel followed his objection with a motion for mistrial, the judge denied the motion but further admonished the prosecutor to keep his remarks "to the proof that's before the court." *Id.*

Our supreme court affirmed, noting that it could not find error so prejudicial as to warrant the extreme remedy of mistrial because whatever prejudice might have arisen from the prosecutor's "oblique reference to the voir dire of juror Barker" was averted by counsel's

quick objection and the circuit court's instruction to the prosecutor to cease that manner of argument. *Id.* As the supreme court observed,

> It may be that counsel's objection prevented reversible error, but it would be sheer conjecture on our part to speculate as to what might have been. The bottom line on mistrials is that the incident must be so prejudicial that the trial court cannot, in fairness, continue. It would be difficult in the extreme to conclude that the trial court had abused its discretion by refusing to abort a trial for remarks that were never uttered unless it gave rise to an inference so clearly prejudicial and improper as to obviate the need for expression.

*Id.*

Smith argues that there is reversible error in this case because the prosecutor's arguments went well beyond the prosecutor's "oblique" remarks in *Boyd*, yet the circuit court did not sustain his objection or grant a mistrial. We do not agree.

To reverse based upon remarks made during closing arguments, we must conclude that counsel was purposely attempting to arouse the jurors' individual passions and prejudices. *Neff*, 287 Ark. at 94, 696 S.W.2d at 740. In *Boyd*, the prosecutor asked juror Barker to recall the story he related in voir dire of his own family's personal experience with sexual crimes, yet our supreme court ruled that the prosecutor's remarks did not create the type of prejudice that would require reversal. *Boyd*, 318 Ark. at 804, 889 S.W.2d at 22. Whereas in this case, the prosecutor's remarks were an attempt, albeit imprudent, to tie the general discussions prosecutors had with jurors in voir dire as to the reasons victims might delay disclosing abuse to the actual victim's testimony about their reluctance to disclose. *See Woodruff v. State*, 313 Ark. 585, 592, 856 S.W.2d 299, 303 (1993) ("Where an attorney's comment during closing argument is directly reflecting or inferable from testimony at trial,

5

there is no error."). Under the holding in *Boyd*, the remarks by the prosecutor here are not sufficiently prejudicial to warrant reversal.

Smith argues that we should reverse because the outcome of his trial might have been different if the circuit court had sustained his objection. We disagree. Like in *Boyd*, after Smith's counsel's prompt objection cut off the prosecutor's remarks, the trial judge spoke to the prosecutor at length about her concern and disapproval of the practice and instructed the prosecutor to move on and "proceed at your own peril." Thus, while the circuit court's decision to overrule Smith's objection and deny mistrial in this case makes for a minor procedural difference from *Boyd* where the court sustained the defendant's objection before denying his motion for mistrial, the effect on the prosecutor's subsequent arguments after the defendant's objection was the same.

Although we do not approve of the prosecutor's decision to refer to individual jurors by name, we cannot find any reason to believe that Smith was so manifestly prejudiced by the prosecutor's conduct as to require the extreme remedy of a mistrial. Accordingly, we affirm.

Affirmed.

GLADWIN and BROWN, JJ., agree.

*John Wesley Hall* and *Samantha J. Carpenter*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.